UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BELLINDA WALKER,                    }
                                    }
    Plaintiff,                      }
                                    }
v.                                  }        CASE NO. 2:12-cv-1819-SLB
                                    }
ITT EDUCATIONAL SERVICES,           }
INC.,                               }
                                    }
    Defendant.                      }

## MEMORANDUM OPINION

This case is currently before the court on defendant ITT Educational Services, Inc.'s ("defendant") Motion for Partial Dismissal of the Complaint, (doc. 4).[1]  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Partial Dismissal, (doc. 4), is due to be granted.

### I.  STANDARD OF REVIEW

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  To survive a 12(b)(6) motion to dismiss, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).[2]  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations and footnote omitted).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002).  "'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).

---

[2]In *Bell Atlantic Corp. v. Twombly,* the United States Supreme Court abrogated the oft-cited standard that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" which was set forth in *Conley v. Gibson.  See Twombly,* 550 U.S. at 561 (quoting *Conley,* 355 U.S. 41, 45-46 (1957)).  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.  The "decision in *Twombly* expounded the pleading standard for 'all civil actions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

## II. STATEMENT OF FACTS[3]

Plaintiff Bellinda Walker ("plaintiff") was employed by defendant as a Senior 2 Admission Representative. (Doc. 1 ¶ 10.) In early March of 2011, plaintiff informed her supervisor that she needed to undergo surgery. (*Id*. ¶ 11.) Plaintiff delayed her surgery per the request of her supervisor. (*Id*. ¶ 12.) After a month and a half, plaintiff could not delay her surgery any longer. (*Id*. ¶ 13.) Plaintiff contacted defendant's Benefits Administrator on April 22, 2011. (*Id*.) The Benefits Administrator confirmed that plaintiff qualified for leave under the Family Medical Leave Act ("FMLA") and instructed plaintiff to have her physician complete a "Certificate of Healthcare Provider Form." (*Id*. ¶ 14-15.) Plaintiff's physician completed the certificate and returned it to defendant on May 3, 2011. (*Id*. ¶ 16.) Plaintiff's leave was to commence on May 4, 2011. (*Id*.) On May 20, 2011, plaintiff received notice that her FMLA request had been approved with a return to work date set for June 15, 2011. (*Id*. ¶ 17.) At some point during her approved leave, defendant terminated plaintiff's employment. (*Id*. ¶ 18.)

On May 9, 2012, plaintiff filed a four-count complaint against defendant, setting forth federal law claims for interference and retaliation under the FMLA, 29 U.S.C. § 2601 *et seq*., and state law claims for invasion of privacy (false light) and outrage. (*See generally id*.) Defendant moves to dismiss the state law claims pursuant to Fed. R. Civ. P. 12(b)(6). (*See* docs. 4 & 5.)

---

[3] The facts are taken from the Complaint and are accepted as true only for the purposes of the instant motion to dismiss.

### III. DISCUSSION

**1. Invasion of Privacy (False Light)**

In Count III, plaintiff alleges that defendant "gave publicity to . . . plaintiff's termination[] before the public in a false light," that this false light was "highly offensive," and that defendant "knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which plaintiff was placed." (Doc. 1 ¶¶ 29-31.)

Under Alabama law,

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Regions Bank v. Plott*, 897 So. 2d 239, 244 (Ala. 2004) (quoting *Butler v. Town of Argo*, 871 So. 2d 1, 12 (Ala. 2003)) (internal quotation marks omitted). The publicized information need not be private in nature, only false, and must include "communicating the information to the public at large, or to so many persons that the matter was substantially certain to become . . . public knowledge." *See Lawrence v. Christian Mission Ctr. Inc.*, 780 F. Supp. 2d 1209, 1217 (M.D. Ala. 2011) (citing *Butler*, 871 So. 2d at 12).

Plaintiff's allegations amount to nothing more than a "formulaic recitation of the elements" of a false light claim, which is insufficient to state a cause of action pursuant to *Twombly*. *See Twombly*, 550 U.S. at 555. The Complaint provides no factual background as to the content of the publicized information, how it was false, the extent of the alleged

publicity, or how it reached the general public. As noted above, a complaint need not contain "detailed factual allegations" to present a viable cause of action, but "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id*. (citations omitted). Accordingly, the court concludes that plaintiff has failed to plead facts giving rise to a plausible false light claim, and, therefore, defendant's Motion for Partial Dismissal is due to be granted as to Count III.

## 2. Outrage

In Count IV, plaintiff alleges that defendant's conduct was "utterly intolerable" and "so extreme in degree as to go beyond all possible bounds of decency." (Doc. 1 ¶ 33.) Plaintiff further alleges that she suffered mental anguish and is entitled to punitive relief for said behavior. (*Id*. ¶ 34.)

To state a claim of outrage under Alabama law, "'a plaintiff must demonstrate that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it.'" *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (quoting *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)), *reh'g denied* (June 10, 2011). "[T]he tort of outrage is a very limited cause of action that is available only in the most egregious circumstances." *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993) (citations omitted). In *Thomas*, the Alabama Supreme Court highlighted the limited context of outrage claims by noting that it had "found a jury question on an outrage claim . . . [in] only three

categories: 1) . . . wrongful conduct in the context of family burials, . . . 2) . . . where insurance agents employed heavy-handed, barbaric means in attempting to coerce the insured into settling an insurance claim, . . . and 3) . . . egregious sexual harassment." *Id*. (internal citations omitted).  More recently, the Alabama Supreme Court recognized an outrage claim in a case "against a family physician who, when asked by a teenage boy's mother to counsel the boy concerning his stress over his parents' divorce, instead began exchanging addictive prescription drugs for homosexual sex for a number of years, resulting in the boy's drug addiction." *Little*, 72 So. 3d at 1173 (citing *O'Rear v. B.H.*, 69 So. 3d 106 (Ala. 2011)).

Plaintiff cites *Lees v. Sea Breeze Health Care Ctr., Inc.*, 391 F. Supp. 2d 1103 (S.D. Ala. 2005), for the proposition that she has stated an actionable outrage claim because her termination contravened public policy.  In *Lees*, the district court acknowledged that the "extreme and outrageous" misconduct necessary for an outrage claim could arise in the employment context, stating that:

> Review of pertinent Alabama authorities reveals that the line of demarcation between non-actionable outrage claims and actionable outrage claims in the employment arena is found in the determination of whether the termination is for reasons that contravene public policy. Where a plaintiff complains that her discharge contravenes public policy, particularly if the discharge was the culmination of a protracted pattern of discrimination in violation of public policy, she may properly pursue a claim of outrage because the violation of public policy furnishes the requisite "sound of fury" to accompany the termination.

*Lees*, 391 F. Supp. 2d at 1107 (citations omitted).  The district court ultimately held that the plaintiff had alleged sufficient facts to withstand 12(b)(6) dismissal because the court

"harbor[ed] no doubt that a ten-month onslaught of harassment, a slew of adverse repercussions, and a firing, all because the plaintiff had enlisted in the U.S. Air Force Reserves, would offend public policy." *Id*. at 1108. The district court noted, however, that "Alabama courts have taken pains to emphasize that an outrage claim will not lie in a mere run-of-the-mill employment dispute arising from dismissal of an employee at will." *Id*. at 1107 (citing *Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2003)).

As alleged, this lawsuit resembles a "run-of-the-mill" wrongful discharge action, and wrongful discharge, by itself, does not contravene public policy for purposes of an outrage claim under Alabama law. The only allegation of defendant's misconduct (outside those relating to false light) is that defendant terminated plaintiff's employment during her approved FMLA leave. (*See* doc. 1 ¶¶ 18 & 26.) Absent from the Complaint are allegations that an "onslaught of harassment," "a slew of adverse repercussions," or any other circumstance approximating "extreme and outrageous" conduct accompanied plaintiff's termination. "[I]f the tort of outrage were recognized under the circumstances alleged in this case, it would mean that the tort of outrage would exist in every . . . case when an employer . . . discriminates or retaliates against a[n] . . . employee—a result not consistent with the 'extremely limited' nature of the tort of outrage in Alabama." *Estate of Reed v. Ponder Enters., Inc.*, No. 1:11CV554-CSC, 2012 WL 1031487, at *8 (M.D. Ala. Mar. 27, 2012) (citing *Little*, 72 So. 3d at 1172). Accordingly, plaintiff has not sufficiently pled a cognizable

outrage claim under Alabama law, and defendant's Motion for Partial Dismissal is due to be granted as to Count IV.

## IV. CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant's Motion for Partial Dismissal of the Complaint, (doc. 4), is due to be granted.  An Order granting the motion will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 13th day of March, 2013.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE